| | |
|---|---|
| 1 | JOYCE C. WANG [Bar No.: 121139] |
| | MELISSA A. DUBBS [Bar No.: 163650] |
| 2 | CARLSON, CALLADINE & PETERSON LLP |
| | 353 Sacramento Street, 16th Floor |
| 3 | San Francisco, California 94111 |
| | Telephone:    (415) 391-3911 |
| 4 | Facsimile:    (415) 391-3898 |

Attorneys for Plaintiff
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

Plaintiff

vs.

MURPHY INVESTMENTS, dba MURPHY SAN FRANCISCO, LP; BARTHOLOMEW MURPHY, individually and as Co-Trustee for THE MURPHY/MOORE FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 and THE MURPHY/ MOORE FAMILY TRUST AMENDED AND RESTATED ON MARCH 5, 2003 and THE MURPHY/MOORE FAMILY TRUST, ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 AND AMENDED ON SEPTEMBER 8, 2000 and THE BARTHOLOMEW MURPHY LIVING TRUST, ESTABLISHED BY DECLARATION DATED MAY 12, 2000, AN UNDIVIDED 1/3 INTEREST; CATHERINE MURPHY, individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994 and the DENIS T. & CATHERINE MURPHY FAMILY TRUST-SURVIVOR'S TRUST; DENIS T. MURPHY individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994 and the DENIS T. & CATHERINE MURPHY FAMILY TRUST-SURVIVOR'S TRUST; MARQUERITA

CASE NO.: CV 09 2022   MHP

**COMPLAINT- IN -INTERPLEADER**
(28 U.S.C. § 1335 and FRCP Rule 22)

Filed Concurrently with: (1) Application for Leave to Deposit Funds in Court Registry; (2) Certification of Interested Entities or Persons; (3) Corporate Disclosure Statement; and (4) Proposed Order Directing Deposit of Stake

189714_1.DOC

**COMPLAINT-IN-INTERPLEADER**

CASE NO.:

| | |
|---|---|
| 1 | MURPHY; DANIEL P. MURPHY; JOAN M. MURPHY; EILEEN W. MOORE, individually |
| 2 | and as Co Trustee for THE MURPHY/MOORE FAMILY TRUST |
| 3 | ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 and THE |
| 4 | MURPHY/ MOORE FAMILY TRUST AMENDED AND RESTATED ON MARCH |
| 5 | 5, 2003 and THE MURPHY/MOORE FAMILY TRUST, ESTABLISHED BY |
| 6 | DECLARATION OF TRUST DATED MAY 12, 2000 AND AMENDED ON SEPTEMBER |
| 7 | 8, 2000 and THE BARTHOLOMEW MURPHY LIVING TRUST, ESTABLISHED |
| 8 | BY DECLARATION DATED MAY 12, 2000, AN UNDIVIDED 1/3 INTEREST; PATRICK |
| 9 | HARTY; MURPHY SIBLINGS LP; MURPHY INVESTMENTS, INC; 1355 |
| 10 | VALENCIA LLC; BALLINREE, LLC; BARTHOLOMEW MURPHY; DENIS J. |
| 11 | MURPHY, individually and as A SINGLE MAN, AN UNDIVIDED 1/3 INTEREST; |
| 12 | MICHAEL F. MURPHY, individually and as A MARRIED MAN AS HIS SOLE & |
| 13 | SEPARATE PROPERTY, AN UNDIVIDED 1/3 INTEREST; BETTY M. WALSH, as |
| 14 | trustee for the WALSH FAMILY TRUST DATED AUGUST 8, 1994; FIRST |
| 15 | REPUBLIC BANK, A DIVISION OF MERRILL LYNCH BANK AND TRUST CO. |
| 16 | FSB ISAOA; WASHINGTON MUTUAL BANK, FA; and JP MORGAN CHASE |
| 17 | BANK, NA |
| | Defendants. |

## THE PARTIES

1. Interpleader Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers") is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. Travelers is duly licensed to do business in the State of California.

2. Interpleader defendant, MURPHY INVESTMENTS, dba MURPHY SAN FRANCISCO, LP is a limited partnership organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

189714_1.DOC

2

COMPLAINT-IN-INTERPLEADER

CASE NO.:

3. Travelers is informed and believes and on that basis alleges that Interpleader defendant BARTHOLOMEW MURPHY, individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994 and the DENIS T. & CATHERINE MURPHY FAMILY TRUST-SURVIVOR'S TRUST and THE MURPHY/MOORE FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 and THE MURPHY/ MOORE FAMILY TRUST AMENDED AND RESTATED ON MARCH 5, 2003 and THE MURPHY/MOORE FAMILY TRUST, ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 AND AMENDED ON SEPTEMBER 8, 2000 and THE BARTHOLOMEW MURPHY LIVING TRUST, ESTABLISHED BY DECLARATION DATED MAY 12, 2000, AN UNDIVIDED 1/3 INTEREST, resides in San Francisco, California.

4. Travelers is informed and believes and on that basis alleges that Interpleader defendant CATHERINE MURPHY, individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994 and the DENIS T. & CATHERINE MURPHY FAMILY TRUST-SURVIVOR'S TRUST, resides in San Francisco, California.

5. Travelers is informed and believes and on that basis alleges that Interpleader defendant DENIS T. MURPHY, individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994, resides in San Francisco, California.

6. Travelers is informed and believes and on that basis alleges that Interpleader defendant MARQUERITA MURPHY resides in San Francisco, California.

7. Travelers is informed and believes and on that basis alleges that Interpleader defendant DANIEL P. MURPHY resides in San Francisco, California.

8. Travelers is informed and believes and on that basis alleges that Interpleader defendant JOAN M. MURPHY resides in San Francisco, California.

9. Travelers is informed and believes and on that basis alleges that Interpleader defendant MICHAEL F. MURPHY resides in San Francisco, California.

189714_1.DOC

3

**COMPLAINT-IN-INTERPLEADER**

CASE NO.:

10. Travelers is informed and believes and on that basis alleges that Interpleader defendant EILEEN W. MOORE individually and as Co Trustee for THE MURPHY/MOORE FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 and THE MURPHY/ MOORE FAMILY TRUST AMENDED AND RESTATED ON MARCH 5, 2003 and THE MURPHY/MOORE FAMILY TRUST, ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 AND AMENDED ON SEPTEMBER 8, 2000 and THE BARTHOLOMEW MURPHY LIVING TRUST, ESTABLISHED BY DECLARATION DATED MAY 12, 2000, AN UNDIVIDED 1/3 INTEREST, resides in San Francisco, California

11. Travelers is informed and believes and on that basis alleges that Interpleader defendant PATRICK HARTY resides in San Francisco, California.

12. Interpleader defendant MURPHY SIBLINGS LP, is a limited partnership organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

13. Interpleader defendant MURPHY INVESTMENTS, INC is a corporation, organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

14. Interpleader defendant 1355 VALENCIA LLC is a limited liability company, organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

15. Interpleader defendant BALLINREE, LLC is a limited liability company, organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

16. Travelers is informed and believes and on that basis alleges that Interpleader defendant MICHAEL F. MURPHY, individually and as A MARRIED MAN, AS HIS SOLE & SEPARATE PROPERTY, AN UNDIVIDED 1/3 INTEREST, resides in San Francisco, California

17. Travelers is informed and believes and on that basis alleges that Interpleader defendant DENIS J. MURPHY, individually and as A SINGLE MAN, AN UNDIVIDED 1/3 INTEREST, resides in San Francisco, California.

18. Travelers is informed and believes and on that basis alleges that Interpleader defendant mortgagee BETTY M. WALSH, as trustee for the WALSH FAMILY TRUST DATED AUGUST 8, 1994, resides in San Francisco, California.

19. Interpleader defendant, mortgagee and additional insured FIRST REPUBLIC BANK, A DIVISION OF MERRILL LYNCH BANK AND TRUST CO. FSB ISAOA is a bank, organized and existing under the laws of the State of Nevada, with its principal place of business in San Francisco, California.

20. Travelers is informed and believes and on that basis alleges that Interpleader defendant, mortgagee and additional insured WASHINGTON MUTUAL BANK, FA, was a federally chartered savings association with its home office in Henderson, Nevada.

21. Travelers is informed and believes and thereon alleges that prior to the filing of this complaint, on September 25, 2008, the United States Office of Thrift Supervision seized Washington Mutual Bank, FA and immediately appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. The FDIC transferred all of Washington Mutual Bank's assets, including its loans and certain liabilities to JPMORGAN CHASE BANK, NA ("CHASE BANK"), which began operating the former Washington Mutual Bank branches and loan offices as branches and offices of CHASE BANK on September 26, 2008.

22. Travelers is informed and believes and thereon alleges that Interpleader defendant, CHASE BANK is a national bank, organized and existing under the laws of the State of Ohio, with its principal place of business in New York City, New York. Due to the transfer of assets from WASHINGTON MUTUAL BANK, FA to CHASE BANK, CHASE BANK now stands in the shoes of WASHINGTON MUTUAL BANK, FA as first mortgagee.

## JURISDICTION AND VENUE

23. The Court has original subject matter jurisdiction over this Complaint-in-Interpleader pursuant to 28 U.S.C. § 1335 in that diversity of citizenship exists between two adverse claimants and the amount in controversy exceeds $500, exclusive of interest. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967).

24. Nationwide service of process is authorized under 28 U.S.C. § 2361.

25. Independently, this action is appropriate under Rule 22 of the Federal Rules of Civil Procedure. To the extent this Complaint-in-Interpleader is based upon Rule 22, subject matter jurisdiction exists under 28 U.S.C. 1332 (diversity jurisdiction) in that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between Travelers, on the one hand, and the Defendants-in-Interpleader, on the other.

26. Venue is proper pursuant to 28 U.S.C. §§ 1391(a) and 1397 in that the claims involved in this action arose in San Francisco, within the United States District Court for the Northern District of California and the action is being brought in a judicial district in which one or more of the Defendants-in-Interpleader reside.

## INTRADISTRICT ASSIGNMENT

27. Assignment to the United States District Court for the Northern District of California, San Francisco division is appropriate because the claim arose in San Francisco, and most of the defendants reside in San Francisco.

## CAUSE OF ACTION IN INTERPLEADER

28. Travelers is in the business of selling insurance. In the course of its business, Travelers issued POLICY Number I-680-332H071A-TCT-07 for the POLICY term 08-27-07 to 08-27-08 (the "POLICY").

29. Defendants-in-interpleader, MURPHY INVESTMENTS, dba MURPHY SAN FRANCISCO, LP; BARTHOLOMEW MURPHY, individually and as Co-Trustee for the DENIS

T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994; THE MURPHY/MOORE FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 and THE MURPHY/ MOORE FAMILY TRUST AMENDED AND RESTATED ON MARCH 5, 2003 and THE MURPHY/MOORE FAMILY TRUST, ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 AND AMENDED ON SEPTEMBER 8, 2000 and THE BARTHOLOMEW MURPHY LIVING TRUST, ESTABLISHED BY DECLARATION DATED MAY 12, 2000, AN UNDIVIDED 1/3 INTEREST; CATHERINE MURPHY, individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994 and the DENIS T. & CATHERINE MURPHY FAMILY TRUST-SURVIVOR'S TRUST; DENIS T. MURPHY individually and as Co-Trustee for the DENIS T. & CATHERINE MURPHY FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MARCH 4, 1994; MARQUERITA MURPHY; DANIEL P. MURPHY; JOAN M. MURPHY; EILEEN W. MOORE, individually and as Co Trustee for THE MURPHY/MOORE FAMILY TRUST ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 and THE MURPHY/ MOORE FAMILY TRUST AMENDED AND RESTATED ON MARCH 5, 2003 and THE MURPHY/MOORE FAMILY TRUST, ESTABLISHED BY DECLARATION OF TRUST DATED MAY 12, 2000 AND AMENDED ON SEPTEMBER 8, 2000 and THE BARTHOLOMEW MURPHY LIVING TRUST, ESTABLISHED BY DECLARATION DATED MAY 12, 2000, AN UNDIVIDED 1/3 INTEREST; PATRICK HARTY; MURPHY SIBLINGS LP; MURPHY INVESTMENTS, INC; 1355 VALENCIA LLC; BALLINREE, LLC; BARTHOLOMEW MURPHY;; DENIS J. MURPHY, individually and as A SINGLE MAN, AN UNDIVIDED 1/3 INTEREST; MICHAEL F. MURPHY, individually and as A MARRIED MAN AS HIS SOLE & SEPARATE PROPERTY, AN UNDIVIDED 1/3 INTEREST were all named insureds to the POLICY bearing POLICY No. I-680-332H071A-TCT-07 on the date of loss of March 17, 2008.

30. Defendants-in-interpleader BETTY M. WALSH, as trustee for the WALSH FAMILY TRUST DATED AUGUST 8, 1994; FIRST REPUBLIC BANK, A DIVISION OF

189714_1.DOC 7

COMPLAINT-IN-INTERPLEADER

CASE NO.:

1　MERRILL LYNCH BANK AND TRUST CO. FSB ISAOA;WASHINGTON MUTUAL BANK,
2　FA were listed as the mortgagees and additional insureds on the POLICY, POLICY No. I-680-
3　332H071A-TCT-07 on the date of loss of Mach 17, 2008.

4　　　　31.　On or around March 17, 2008, a fire occurred at property covered by the POLICY.
5　The property was an apartment building located at 1476-1480 Valencia Street, San Francisco, CA.
6　94110.

7　　　　32.　The apartment building is insured under the Travelers MPT102 Businessowners
8　Property Special Form (02/05). The building is identified as location 35 with building coverage in
9　the amount of $2,245,341 and Business Personal Property in the amount of $26,250. The
10　POLICY is endorsed with the MPT179 (08/97) Blanket Limits – Building and Personal Property
11　which provides a building blanket of $65,344,656. Attached hereto as Exhibit A is a true and
12　correct copy of the POLICY.

13　　　　33.　BARTHOLOMEW MURPHY made a claim to Travelers under the POLICY,
14　claim no. A8N6282 for property damage and lost business income.

15　　　　34.　As of today's date, policy benefits in the amount of $ 2,976,967.56 are owed to
16　repair the property.

17　　　　35.　As of today's date, policy benefits in the amount of $179,873.00 are owed in lost
18　business income.

19　　　　36.　While Travelers stands ready, willing and able to pay the amounts owed under the
20　POLICY, at various times, interpleader defendants, BARTHOLOMEW MURPHY and MURPHY
21　INVESTMENTS, INC. have objected to naming all of the Named Insureds on checks for these
22　amounts.

23　　　　37.　However, given the large number of individuals and entities named on the POLICY
24　as "Named Insureds" with no designation as to which property they are insured on, Travelers
25　would potentially be subject to multiple claims for POLICY benefits if it were to issue checks to
26　less than all interested parties.

27　　　　38.　In addition, BARTHOLOMEW MURPHY's demand for payment does not take
28　into account the mortgagees and additional insureds on the POLICY, including defendants-in-

interpleader BETTY M. WALSH, as trustee for the WALSH FAMILY TRUST DATED AUGUST 8, 1994; FIRST REPUBLIC BANK, A DIVISION OF MERRILL LYNCH BANK AND TRUST CO. FSB ISAOA; WASHINGTON MUTUAL BANK, FA; and CHASE BANK, which now stands in the shoes of Washington Mutual all of whom must be paid first, before any payment is made to the insureds.

39. By letters dated December 12, 2008 and January 8, 2009, counsel for Travelers requested that BARTHOLOMEW MURPHY obtain signatures from the other named insureds warranting that they did not have any interest in the property or insurance proceeds. Counsel provided warranty forms for BARTHOLOMEW MURPHY's use. Through a Public Adjuster and an attorney, BARTHOLOMEW MURPHY and MURPHY INVESTMENTS, INC. have failed to obtain such signatures from the other named insureds.

40. TRAVELERS, through its counsel also requested that BARTHOLOMEW MURPHY obtain verifications from defendants-in-interpleader BETTY M. WALSH, as trustee for the WALSH FAMILY TRUST DATED AUGUST 8, 1994; FIRST REPUBLIC BANK, A DIVISION OF MERRILL LYNCH BANK AND TRUST CO. FSB ISAOA; and WASHINGTON MUTUAL BANK, FA that the mortgages referenced in the at-issue POLICY were paid off. Through his Public Adjuster and his attorney, BARTHOLOMEW MURPHY has failed to obtain such verifications from the mortgagees.

41. Based on the foregoing, there is uncertainty as to whether Travelers should pay the POLICY benefits to BARTHOLOMEW MURPHY, solely, as he directs, or issue checks made out to all of the named insureds and the mortgagees. This uncertainty creates the real possibility that Travelers could face multiple liability if it simply pays the POLICY proceeds to BARTHOLOMEW MURPHY as he directs.

### CLAIM FOR RELIEF (Interpleader Against All Defendants)

42. Travelers re-alleges Paragraphs 1 through 43, inclusive, as if set forth fully herein. Travelers is now in the possession of $3,156,840.56 which represents the total current policy benefits owed under the POLICY to both repair the property and for lost business income.

43. Because of the facts set forth in paragraphs 30-43 above, there is uncertainty as to who is entitled to the POLICY proceeds, and Travelers now faces the real and reasonable possibility of multiple liability if the POLICY proceeds are distributed without Court direction.

44. Travelers is a stakeholder in this action and claims no interest in the proceeds of the POLICY, which are being deposited with the Court concurrent with the filing of this Complaint-in-Interpleader. While Travelers has stood ready, willing and able to pay the POLICY proceeds, it has not paid them due to the unique facts set forth herein.

45. Because of the potential competing claims to the proceeds of the POLICY, and the real and reasonable possibility of multiple liability if Travelers pays the POLICY proceeds without Court intervention and direction, it has become necessary for Travelers to file this action to protect itself from paying more than it is required to pay under the terms of the POLICY.

**WHEREFORE,** Travelers prays that the Court enter judgment:

1. Requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the subject benefits in this action;

2. Enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the benefits involved in this interpleader action;

3. Requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the within total funds should be paid;

4. Permitting Travelers to deposit the amount of said benefits, $3,156,840.56 into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

5. Discharging Travelers from any and all further liability to Defendants relating in any way to the POLICY benefits due for the fire loss;

6. Awarding Travelers its attorney's fees and costs in their entirety; and

7. Awarding Travelers any other and further relief that this Court deems just and proper.

189714_1.DOC

10

**COMPLAINT-IN-INTERPLEADER**

CASE NO.:

| | |
|---|---|
| Dated: May 6, 2009 | CARLSON, CALLADINE & PETERSON LLP |
| | By _____/s/ Wang_____<br>JOYCE C. WANG<br>MELISSA A. DUBBS<br>Attorneys for Plaintiff<br>THE TRAVELERS INDEMNITY COMPANY<br>OF CONNECTICUT |